[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11344
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-21167-ASG

JAMES BERNARD CAMPBELL,

Plaintiff-Appellant,

versus

DAVID M. GERSTEN,
JOSEPH P. FARINA,
KATHERINE FERNANDEZ RUNDLE,
BILL MCCOLLUM,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2010)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

James Bernard Campbell, a federal prisoner, appeals pro se the dismissal of his application to reopen his state post-conviction proceedings. The district court ruled that Campbell's action failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm.

Campbell filed an application for a preliminary injunction and asked the district court to compel a Florida court to reopen Campbell's proceedings to vacate his conviction, Fla. R. Crim. P. 3.850. Campbell argued that the state court, the prosecutor, and defense counsel had denied him due process acting under color of state law, 42 U.S.C. § 1983. The district court dismissed Campbell's application.

The district court did not err because Campbell failed to state a claim for any form of cognizable relief. Even if we look "behind the label of" Campbell's application and amendments, his action is not "cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990). Because the state court ruled that Campbell's motions were barred from review as successive and untimely, he cannot relitigate those issues in a petition for a writ of habeas corpus. See Marek v. Singletary, 62 F.3d 1295, 1301 (11th Cir. 1995). The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits. See Lamar v. 118th Jud. Dist.

2

<u>Ct.</u>, 440 F.2d 383, 384 (5th Cir. 1971). Campbell also failed to state a claim under section 1983 because his arguments about the denial of his post-conviction motion and constitutional violations committed by state authorities challenged the fact and duration of his confinement. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245 (2005).

We **AFFIRM** the dismissal of Campbell's application.